# 98 DTA 162

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN**

UNION DE TRABAJADORES DE LA INDUSTRIA ELECTRICA Y RIEGO
Unión Recurrida

v.

AUTORIDAD DE ENERGIA ELECTRICA
Patrono Recurrente

UNION INSULAR DE TRABAJADORES INDUSTRIALES Y
CONSTRUCCIONES ELECTRICAS (UITICE)
Peticionada-Recurrida

JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO
Organismo Administrativo

v.

AUTORIDAD DE ENERGIA ELECTRICA DE PUERTO RICO
Peticionaria-Recurrente

UNION DE PILOTOS DE LA AUTORIDAD DE ENERGIA ELECTRICA DE PUERTO RICO
Peticionada-Recurrida

v.

JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO

v.

AUTORIDAD DE ENERGIA ELECTRICA DE PUERTO RICO
Peticionaria-Recurrente

Núms. KLRA-98-00028/KLRA-98-00108/KLRA-98-00109

San Juan, Puerto Rico, a 3 de abril de 1998

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda De Hostos

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

En tres recursos presentados por separado ante este Tribunal, la Autoridad de Energía Eléctrica (A.E.E.) solicita revisión de la determinación de la Junta de Relaciones del Trabajo (la Junta) de no expedir querellas por prácticas ilícitas del trabajo contra la Unión de Pilotos de la Autoridad de Energía Eléctrica (U.P.A.E.E.), la Unión Insular de Trabajadores Industriales y Construcciones Eléctricas (U.I.T.I.C.E.) y la Unión de Trabajadores de la Industria Eléctrica y Riego (U.T.I.E.R.). Las querellas se basaron en la participación de dichas uniones en el paro general celebrado el 1 de octubre de 1997 en protesta de la política de privatización del Gobierno de Puerto Rico por la venta de la Compañía Telefónica.

Luego de analizar la totalidad de las circunstancias de los tres recursos, determinamos que procede su consolidación, ya que presentan controversias de hechos y de derecho comunes y se obtiene una solución justa, rápida y económica de los pleitos, según lo requieren las Reglas de Procedimiento Civil y su jurisprudencia interpretativa. 32 L.P.R.A. R. 1 y R. 38.1; *Hospital San Francisco Inc. v. Secretaria de Salud,* 144 D.P.R. ___ (1997), **97 J.T.S. 151,** págs. 435-37.

Examinados los argumentos de todas las partes, resolvemos que no procede la expedición de los recursos por los fundamentos expuestos a continuación.

### I

Los recursos de revisión ante nuestra consideración surgen de los siguientes hechos. La A.E.E. presentó ante la Junta cargos por separado contra la U.P.A.E.E., la U.I.T.I.C.E. y la U.T.I.E.R. por prácticas ilícitas del trabajo alegando que las organizaciones obreras violaron los respectivos convenios colectivos firmados con la A.E.E. al participar en el paro general del 1 de octubre de 1997 debido a que no siguieron los procedimientos para resolver controversias laborales establecidos en los respectivos convenios colectivos.

Conforme la ley, el Presidente de la Junta emitió avisos de desestimación de cargos en cada uno de estos casos al concluir que el acto llevado a cabo por las uniones fue una huelga, que el derecho a huelga está protegido por la Constitución del Estado Libre Asociado de Puerto Rico, y que las uniones no violaron las disposiciones de los convenios que obligan a las partes a someterse a los procedimientos de resolución de controversias laborales porque la controversia que motivó el paro general no está sujeta a esas disposiciones. La A.E.E. solicitó la reconsideración de los avisos de desestimación ante la Junta y todas fueron declaradas sin lugar por la Junta en pleno.

En revisión ante este Tribunal, la A.E.E. alega que la Junta cometió error al no instituir procedimientos adicionales a tenor con la política pública que promueve la Ley de Relaciones del Trabajo de Puerto Rico. Argumenta que la Junta erró al determinar que no se violaron las disposiciones de los convenios colectivos al participar los unionados en el paro general por no existir una cláusula de no-huelga en dichos convenios. También señalan que la A.E.E. es una corporación pública con personalidad jurídica propia y separada del gobierno como razón para sostener la ilegalidad de la participación de las uniones en la huelga.

En oposición a la expedición de los recursos la Junta plantea que no es revisable judicialmente el aviso de desestimación de querella bajo el estado de derecho actual y que aun suponiendo que lo fuese, no tienen mérito los planteamientos de error señalados por la A.E.E. en los recursos. La U.T.I.E.R. y la U.P.A.E.E. comparecen en oposición con similares argumentos.

## II

La Ley de Relaciones del Trabajo, Ley Núm. 130 de 8 de marzo de 1945, según enmendada, establece que la Junta de Relaciones del Trabajo tiene jurisdicción exclusiva para evitar y remediar prácticas ilícitas del trabajo. Está facultada para investigar preliminarmente, determinar si se instituyen procedimientos y tomar las medidas que considere necesarias para hacer cumplir las disposiciones de esa ley. Artículo 7, 29 L.P.R.A. sec. 68.

Así pues, una vez se presentan cargos ante la Junta, queda a su entera discreción la determinación de expedir o no una querella por prácticas ilícitas luego de llevar a cabo la investigación y evaluación correspondiente. La jurisprudencia ha establecido que la decisión de la Junta de negarse a expedir una querella de esa naturaleza, aunque no sea una orden final, merece gran deferencia por parte de los tribunales. Su no revisibilidad se ha sostenido a base de que no es una orden final, acarrearía abrir nuevamente el asunto objeto de la querella ante el foro judicial, lo que constituiría una intromisión indebida en el ámbito de discreción que por ley se ha delegado a la Junta en su área de especialización. *Martínez Rodríguez v. A.E.E.*, 133 D.P.R. ___ (1993); **93 J.T.S. 108**, pág. 10919; *Luce & Co. v. Junta de Relaciones del Trabajo*, 82 D.P.R. 96, 101 (1961); Demetrio Fernández, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*, sec. 8.2 a las págs. 414, 422-21 (1993).

Por tanto, a tenor de esos principios y de la norma de abstención judicial en ausencia de actuación arbitraria, caprichosa o fuera de ley, no cabría la revisión judicial de las determinaciones denegatorias de expedición de querellas en este caso.

No encontramos motivos para apartarnos de esas normas. Al examinar los errores alegados, coincidimos con la Junta en que éstos no proceden. Como surge de las determinaciones administrativas impugnadas, las uniones obreras no violaron las disposiciones que obligan a las partes a someterse al procedimiento de resolución de controversias establecido en el convenio al participar en el paro general del 1 de octubre de 1997.

De una lectura de las disposiciones de los convenios colectivos citadas por la A.E.E. para sostener que las uniones estaban obligadas a seguir procedimientos de resolución de disputas surge que éstas sólo constituyen una renuncia a la huelga en aquellas controversias que estén basadas en las disposiciones del convenio colectivo, y en el caso de la U.I.T.I.C.E., también en las controversias relacionadas con leyes o decretos mandatorios que apliquen a los trabajadores cubiertos por las disposiciones del convenio.

Sabido es que los trabajadores tienen derecho a organizarse, a negociar colectivamente, a establecer piquetes y a la huelga al amparo de las Secciones 17 y 18 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico.

No obstante, el derecho a huelga es susceptible de ser renunciado contractualmente ya sea de manera expresa o tácita. El derecho constitucional a la huelga no cobija aquellas actuaciones que sean contrarias a las disposiciones del convenio colectivo, las cuales se sabe constituyen ley entre las partes. La jurisprudencia ha interpretado las cláusulas que establecen los procedimientos para resolver disputas laborales como renuncias tácitas al derecho a huelga en aquellas circunstancias en que las partes específicamente hayan acordado someterse a dicho procedimiento. *U.T.I.E.R. v. J.R.T.*, 99 D.P.R. 512, 523 (1970).

El planteamiento de la A.E.E. sobre su independencia jurídica del gobierno del E.L.A. para refutar la participación de las uniones en el paro, no altera los fundamentos válidos de la Junta para desestimar los cargos. Estos son: que existe un derecho constitucional a la huelga y que las partes no han renunciado al mismo de forma expresa o tácita.

En conclusión, dado que existe un derecho constitucional de los trabajadores a la huelga, que el paro general en el que participaron las uniones recurridas no está relacionado en forma alguna con las disposiciones de los convenios colectivos entre las partes que requieren utilización del mecanismo de solución de quejas y agravios, no procedían los cargos contra las uniones, por prácticas ilícitas. La Junta actuó correctamente al así dictaminar, y no hay base alguna para la intervención judicial.

### III

Por los fundamentos que anteceden, se deniegan los recursos de revisión aquí referidos.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General